# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CORRINE MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1555-CEJ |
| | ) | |
| ST. PATRICK CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Corrine Mack for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee, and therefore, she will be granted leave to proceed in forma pauperis.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Affording the complaint a liberal construction, plaintiff is seeking monetary relief pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Titles I, II, and III of the American with Disabilities Act, 42 U.S.C. § 2101 *et seq.* The named defendants are St. Patrick Center and Juana Jones. Plaintiff's entire complaint consists of the following allegation: "Juana Jones said she would not refer me to the Club House because I could not hear."

## Discussion

### I. Rehabilitation Act Claim

The Rehabilitation Act imposes liability for employment discrimination on the basis of a disability by an employer of a program or activity receiving federal

financial assistance. Plaintiff's sole allegation that defendant Jones "said she would not refer [plaintiff] to the Club House because [she] could not hear" does not establish the existence of a disability within the meaning of the ADA or an employment relationship among the parties to this action.[1] Coupled with the fact that plaintiff does not allege the existence of federal funding, the complaint fails to state a claim or cause of action under the Rehabilitation Act.

Furthermore, under the Rehabilitation Act, a plaintiff is required to exhaust administrative remedies, before commencing a civil suit in Federal Court, by filing a charge with the appropriate Equal Employment Office representative or agency. Thus, before filing a complaint under the Rehabilitation Act in this Court, plaintiff must first pursue administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *See* 29 U.S.C. § 794a(a)(1); *Spelke v. Gonzalez*, 516 F. Supp. 2d 76, 82 (D.D.C. 2007). Because plaintiff does not state, and there is no indication, that she has filed a charge of discrimination with the EEOC, it appears that she has failed to exhaust administrative remedies, which would also necessitate the dismissal of this claim.

---

[1] Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. A pro se complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975).

## II. ADA Claims

The purpose of the ADA is to "provide clear, strong, consistent, enforceable standards" to remedy discrimination in employment (Title I), in the services of public entities (Title II), and in places of public accommodation (Title III). 42 U.S.C. § 12101(b)(2).

A prima facie case of disability discrimination under Title I of the ADA requires a plaintiff to show that she (1) has a disability within the meaning of the ADA, (2) is qualified to perform the essential functions of the job, with or without reasonable accommodation, and (3) suffered an adverse employment action because of the disability. *McPherson v. O'Reilly Automotive, Inc.*, 491 F.3d 726, 730 (8th Cir. 2007). Plaintiff has failed to assert sufficient facts relative to any of the three requirements. Thus, plaintiff's allegations do not state a claim under Title I.

To state a prima facie claim under Title II of the ADA, a plaintiff must show that she (1) is a person with a disability as defined by statute, (2) is otherwise qualified for the benefit in question, and (3) was excluded from the benefit due to discrimination based upon disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *see* 42 U.S.C. § 12132. Even if the Court were to assume that plaintiff has a hearing condition that falls within the meaning of the ADA, she does not set forth any facts relative to the second requirement, and thus, fails to state a claim or cause

4

of action under Title II of the ADA.

To make out a prima facie case under Title III of the ADA, a plaintiff must demonstrate that (1) she has a disability, (2) the defendant's office is a place of public accommodation, and (3) she was discriminated against by being refused full and equal enjoyment of services because of the disability. *Maley v. Octapharma Plasma, Inc.*, 2013 WL 3814248 at *3 (July 22, 2013). As with Titles I and II, Plaintiff has failed to plead sufficient facts to state a claim under Title III of the ADA. Moreover, Title III does not provide for private actions where, as in the instant case, plaintiff is solely seeking monetary damages. *See Stebbins v. Legal Aid of Arkansas*, 512 Fed. Appx. 662, 663 (8th Cir. 2013); 42 U.S.C. § 12188(a) (unless enforced by Attorney General, only remedy for violation of Title II of ADA is injunctive relief).

For the above-stated reasons, this action will be dismissed, without prejudice, pursuant to § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **granted**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of August, 2013.

_____
**UNITED STATES DISTRICT JUDGE**